IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

      v.                                              14-cr-3-wmc-1

BRENT VENGLISH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brent Venglish's supervised release was held on May 10, 2016, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Peter M. Jarosz. The defendant was present in person and by counsel, Kim Zion. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

## FACTS

From the record and the parties' stipulation, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on May 20, 2014, following his conviction for distribution of morphine in violation of 21 U.S.C. § 841. This offense is a Class C felony. Judge Adelman sentenced the defendant to time served to be followed by a three-year term of supervised release.

On December 9, 2014, the defendant was returned to court for alleged violations after he posted threats on Facebook in violation of a federal, state or local law. The defendant's posts also identified three people who were allegedly cooperating with police in confidential capacities, increasing the risk of danger for those individuals. The defendant further violated

Special Condition No. 7 requiring him to participate in mental health treatment when he failed to show up for mental health counseling and failed to return voice messages left for him by his mental health counselor. The court allowed the defendant's supervised release to continue with the added conditions that he complete the Positive Attitude Development program as part of his mental health treatment; that he comply with the conditions of supervision; and that any future noncompliance could result in revocation of his term of supervised release.

It is currently alleged that the defendant has violated the mandatory conditions of his supervised release prohibiting him from committing another federal, state or local crime, and unlawfully possessing or using a controlled substance. It is also alleged that he violated Standard Condition No. 7 prohibiting him from purchasing, possessing, using, distributing or administering any controlled substances, except as prescribed by a physician. On January 23, 2015, he tested positive for cocaine. On April 8, 2015, he tested positive for benzodiazepines use. The defendant removed a drug testing sweat patch without permission on or about April 13, 2016, in violation of the special condition requiring him to submit to drug testing. On April 13, 2016, the defendant tested positive for methamphetamine use.

Additionally, the defendant has failed to pay his $100 special assessment. He has made one $5 payment, which does not constitute a good faith effort. The Court understands that the defendant did not complete the Positive Attitude Development program because of changes to the program. He was also unable to afford the transportation costs to travel to the required meetings.

The Court finds the defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3)(B) of the Guidelines Manual, which provides that the Court has the *discretion* to revoke supervised release, extend it, or modify the conditions of supervision.

## CONCLUSIONS

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have selected to not revoke the defendant's supervised release at this time. The defendant is ordered to complete Attic's residential substance abuse treatment program and undergo mental health counseling. He is to enter the facility on May 13, 2016, at 10:00 a.m. given his past violations, failure to complete the program will be a treated as further violation of supervised release, resulting in revocation and be grounds for an above guidelines sentence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on May 20, 2014, is CONTINUED, and that the defendant is to complete Attic's residential substance abuse treatment program.

Entered this 10th day of May, 2016

BY THE COURT:

William M. Conley
District Judge